FRANCIS PAQUIN *v.* ST. JOHNSBURY TRUCKING CO., INC.

(78 A2d 683)
(80 A2d 669)

January Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed February 6, 1951.

Opinion on Motion for Reargument Filed May 9, 1951.

*McNamara & Larrow* for the defendant.

*Graves, Mehlman & Brown* for the plaintiff.

JEFFORDS, J. This is an action in tort in which the plaintiff seeks to recover damages for personal injuries which he claims were caused by the negligence of the operator of the defendant's motor vehicle. Trial was by jury with a resulting verdict and judgment for the plaintiff. The case is here on the defendant's exceptions. The first of these to be considered is to the denial of the court of its motion for a directed verdict. The only ground here relied upon in support of this claim of error is that the plaintiff failed to establish freedom from contributory negligence, but to the contrary on the evidence he has established that he was contributorily negligent as a matter of law.

The evidence viewed in the light most favorable to the plaintiff,

as it must be in considering this motion, is as follows : The plaintiff was the driver of a bus which was travelling northerly on the road from West Burke to Barton. The bus entered a straight stretch of road about 1800 feet in length. When the bus had proceeded some distance along this stretch and had reached a point about 200 feet from the scene of the accident the plaintiff was bothered by the rays of the setting sun. He had to turn his head and did not look straight ahead until after the accident. He could see about two thirds of his lane of traffic but as to the area directly in front of him he was blinded. He continued to drive the bus, looking out of the right hand corner of the windshield, watching the shoulder of the road to see that he stayed on his side. During this 200 feet the bus was on its own side of the road and was going about 30 miles per hour. When the sun began to bother him the plaintiff let up on the accelerator. He did not notice whether the speed of the bus was reduced any at the time of the collision. He did not see the vehicle with which the bus was in collision. There seemed to be a flash and then a crash.

The defendant's vehicle, hereinafter called a truck, consisted of a tractor and trailer. The trailer was 28 feet long and 8 feet wide. When the bus and defendant's truck were about 500 feet apart, the driver of the latter saw the bus approaching. He recognized its driver and observed that he was shading his eyes and appeared to be looking at the right hand side of the road and not directly at the truck and acted as though he was being bothered by the sun. As the truck approached the bus it was travelling about 45 miles per hour and the driver of the truck gave no warning signal to the driver of the bus.

At the place of the accident the black topped hard surface of the road was 19 feet and 5 inches wide. The center line of the highway was 5 inches wide. The pavement over which the truck had travelled showed a skid mark 34 feet long ending on the west side of the pavement, 7 feet northerly from the outside dual rear wheel of the trailer where it had come to a stop. At its northerly end this mark was about 2 feet and 8 inches from the right hand side of the black top. Two other skid marks taken in connection with each other tended to show that from a point about 13 feet northerly from the point of contact between the two vehicles the truck was bearing to its left.

The rear portion of the tractor, including its left rear wheels,

was damaged as was the left front end of the trailer. The damage to the bus was to its left front.

The defendant relies on *Steele* v. *Fuller,* 104 Vt 303, 158 A 666; *Palmer* v. *Marceille,* 106 Vt 500, 175 A 31, and *Kennedy* v. *Laramee,* 115 Vt 358, 61 A2d 547, in support of its claim of contributory negligence. In the first of these cases the plaintiff while blinded by the headlights of an approaching car continued to drive while so blinded and his car struck the defendant's, which was parked on the road. In the Palmer case the plaintiff drove through thick smoke in the daytime and his car collided with a truck standing partly on the surfaced road. In the Kennedy case the plaintiff was blinded by the headlights of an approaching car and then by those of a car following him which reflected in his rear view mirror. He kept driving until too late to avoid crashing into a parked car. In each of these cases this Court held that the plaintiff was guilty of contributory negligence which barred his recovery.

In the latter case, at pages 362, 3, the rule laid down in all three is stated as follows: "The law is well settled that when the operator of a motor vehicle, driving in the night, is temporarily blinded by the lights of an approaching car, it is his duty either to stop until his vision is restored, or reduce his speed and have his car under such control that he can stop it immediately, and his failure to do so justifies a charge of negligence. * * * He has no right to drive along in a blinded condition and take a chance on what may be in the road ahead." The rule applies equally to one who drives in the day time while blinded. The Palmer case, supra. The plaintiff claims that the rule does not apply to him as he was not blinded since he was able to see the side of the road. But he could not see ahead and took the chance of what might be in his lane of travel to his north. In the Kennedy case the driver could see the side of the road on his right and glanced there to ascertain the position of his car in reference to the side of the highway. The present plaintiff also comes within the rule. This being so, he was required when blinded to immediately begin to reduce his speed and to continue to do so until he had come to a stop or his vision had cleared. The Kennedy case, supra. All that he did in the way of reducing the speed of his car was to let up on the accelerator and he could not tell whether the speed had been reduced at the time of the collision. This is not such a reduction of speed as is required under the rule. The Palmer case, supra. In fact driving such a short distance as

the bus traveled over a straight level road after the plaintiff took his foot off from the accelerator and before the collision, it is doubtful whether the speed was reduced to any appreciable extent. We hold that the plaintiff was negligent.

█ The plaintiff says that even though he was negligent such negligence does not bar his recovery unless it was the proximate cause, or a part thereof, of the accident. This is so. See *Skoll* v. *Cushman,* 111 Vt 160, 165, 13 A2d 180; *Wright* v. *Goodin,* 108 Vt 23, 25, 182 A 189, 190; *Goodwin* v. *Gaston,* 103 Vt 357, 363, 154 A 772; *Merrihew* v. *Goodspeed,* 102 Vt 206, 216, 147 A 346, 66 ALR 1109; *LaChance* v. *Myers,* 98 Vt 409, 504, 129 A 172; *La Mountain's Admx.* v. *Rutland R. R. Co.,* 93 Vt 21, 25, 106 A 517. It is said in *Wright* v. *Goodin, supra,* "The mere fact that the plaintiff was negligent is not, of course, a bar to his recovery. To have such an effect the failure to exercise ordinary care must have contributed to the accident; that is, it must have formed a proximate cause of it. Negligence by itself does not necessarily bring injurious consequences and resulting liability in its train. It may be of such a nature as to be unrelated to the catastrophe."

The test or rule to be applied in determining whether the negligent conduct of a plaintiff contributed to the injury is set forth in *Walker* v. *Westfield,* 39 Vt 246 at pages 252 and 253. This test or rule has not since been changed. That case involved the question of contributory negligence. The court charged the jury, "You will then inquire whether such want of care and prudence contributed to the accident. If you find that it did not, that the accident would have happened the same if such want had not existed, then such a want of care is of no consequence in the case, and will not prevent a recovery." Speaking of this portion of the charge this Court said: "If the latter clause of the premises of this proposition was to be regarded as meaning just what it would mean if it stood alone, we would hold it erroneous, though it finds countenance and example in the language of several of the English and some American judges. It appears to us that a case may, and is likely enough, to occur, in which the want of the requisite care and prudence may have contributed to the accident, and still it would have occured independently of such want of care and prudence. The test is not, whether it would have occurred independently of such want of care and prudence, but whether such want of care and prudence contributed in any degree, in point of fact, to the happening of the accident. If

it did so contribute, the plaintiff cannot recover, for the reason that the court and jury cannot be called on to determine the proportionate effect of the concurring fault of both parties; and hence it must appear from all the evidence, that the fault of the plaintiff did not contribute at all to the happening of the accident.

"In order for the plaintiff to make a case upon which he may safely rest, it is necessary that he should submit a state and character of evidence upon which the jury would be authorized to find affirmatively, both that the defect in the road operated to produce the accident and that no want of care on his part contributed to it. This is what he assumes, and this burden goes with him throughout the case, and in the end, he must be able to have the jury, upon the whole evidence, find affirmatively the same that was necessary to be established by his opening evidence, at the time he rested upon making his *prima facie* case."

See also *Murphy* v. *Deane,* 101 Mass 455, for a case wherein a request to charge similar to the one given in the Walker case was held to be unsound and a test in substance the same as that in the latter case was held to be the proper one. The reasons for applying such a test are discussed thoroughly in the opinion. It may be noted that these two cases do not follow what might be termed the general rule as stated in 38 Am Jur, page 898, § 213 as a test in determining whether the conduct of a plaintiff contributed proximately to an injury.

■■ The question is then whether it can be said that the plaintiff here sustained his burden of proving by a preponderance of the evidence that his negligence did not contribute to the accident in the least degree. *Bianchi* v. *Millar,* 94 Vt 378, 382, 111 A 524. The plaintiff in claiming that his conduct was no part of the proximate cause of the accident stresses the fact that at the time of the collision the jury could have found from the evidence that the bus was on its right side of the road. This is so. The jury also reasonably could have found that at that time the truck was a foot or a little more over the center line. This latter finding could have been based on the testimony of the plaintiff and the skid marks showing that at a point near the place of the collision the rear outside wheel of the truck was 2 feet and 8 inches from the right hand side of the road, taken in connection with the width of the trailer. They could also have so found that a few feet prior to the point of collision the truck was bearing to its left. Thus if the only question

that the jury had to decide in determining the question of proximate cause was whether the bus was on its right side of the road at the time of the accident they could have found that its sole proximate cause was the negligence of the defendant's driver in so operating the truck that it crossed over the center line of the road and struck the bus in its lane of traffic where it had the right to be. Such apparently was the situation in the case of *Stobie* v. *Sullivan*, 118 Me 483, 105 A 714, relied upon by the plaintiff in his brief. But such is not the case here. The purpose of the rule which we have quoted from *Kennedy* v. *Laramee, supra,* was to impose on the operator of a motor vehicle when blinded, certain rules of due care to be observed by him. It recognizes that one so blinded could not take certain measures for his safety, and that of others, which could and should be taken otherwise. The negligence of the plaintiff was his failure to obey these rules. He continued to drive along while blinded. What course the bus took from the time he could no longer see ahead until the time of the collision does not appear in the evidence. Whether it maintained a straight course on its side of the road or veered to its left gradually, or sharply, just prior to the time of collision is not shown, nor could the jury reasonably have drawn inferences from the evidence on this or other matters pertaining to its course. It is apparent that if it veered to its left in such a way that this change of course contributed to the accident such change was a part of the proximate cause of the injury. As we have seen, the burden was on the plaintiff to prove that his negligence did not contribute to the accident in the least degree. The evidence to sustain this burden must have been of such quality and character as to justify the jury, acting reasonably, to predicate a verdict thereon in favor of the plaintiff. *State* v. *Boudreau*, 111 Vt 351, 361, 16 A2d 262; *Wellman, Admr.* v. *Wales*, 98 Vt 437, 448, 129 A 317. A finding by the jury that no act resulting from the negligence of the plaintiff contributed to the accident must have been based upon speculation and conjecture and conjecture is no proof in him who is bound to make proof. *Jacobs* v. *Clark*, 112 Vt 484, 489, 28 A2d 369; *McKirryher* v. *Yager*, 112 Vt 336, 341, 24 A2d 331; *Wellman, Admr.* v. *Wales*, 97 Vt 245, 255, 122 A 659.

The plaintiff relies on a statement appearing in the opinion in *Page* v. *McGovern*, 110 Vt 166 at page 171, 3 A2d 543. This statement is, "Indeed, it appears by no means certain that had he (plaintiff) stopped, the collision would have been avoided." This

statement was made after it had been held that the evidence warranted the jury in finding that the plaintiff was not negligent. Thus it was an obiter statement though warranted by the facts. In that case the plaintiff had sustained his burden of proof. The plaintiff also relies on *Odell* v. *Powers,* 284 Mich 201, 278 NW 819, 821. The decision in that case is not in conflict with what we have here held. There as here, there was evidence from which the jury could find that at the time of the accident the plaintiff was on his right side of the road and it did so find. In that case the visibility of the plaintiff was poor for a distance of from 18 to 20 feet due to snow being scattered by a snow plow. The court invoked, in favor of the plaintiff, the rule that he was not bound to anticipate that the defendant would violate the law and operate his automobile on the wrong side of the road. It said that under the facts in the case "the jury might well have found that even had plaintiff brought his car to a complete stop upon entering the cloud of snow he would have been struck by the defendant, in any event, who was driving on the wrong side of the highway." The important distinguishing feature between that case and the one here is the difference in distance that the two plaintiffs continued to drive after they should have stopped or effectively slowed down.

The plaintiff cites several cases from other jurisdictions holding that negligence does not bar recovery unless it contributes to the injury. From cases previously cited it is shown that this is also our rule. Our leading case on this point is *Sowles* v. *Moore,* 65 Vt 322, 26 A 629, 21 LRA 723. The holding in that case is in substance that though one is negligent, such negligence is not the cause of the injury in the legal sense if the injury would have occurred just the same if there had been no negligence in the respect claimed. See also *Johnson* v. *Cone,* 112 Vt 459, 465, 466, 28 A2d 384; *Perkins* v. *Vt. Hydro-Electric Co.,* 106 Vt 367, 380, 381, 177 A 631. *Walker* v. *Westfield, supra,* is not in conflict with this rule. It is cited and quoted from in the Sowles case in support of the rule. The Walker case merely held that the clause in the charge which it said would be erroneous if it stood alone was not the proper test to be applied in determining the question of the contributory negligence of a plaintiff and it stated what that test is. We have the rule but the plaintiff has failed to sustain his burden of making a case which would have warranted the jury in finding that it applied in his favor.

■ The plaintiff says, in effect, that in any event he was entitled to recover under the doctrine of the last clear chance. This doctrine as set forth in *Shea* v. *Pilette,* 108 Vt 446 at 456, 189 A 154, 109 ALR 933, is as follows: "The doctrine of the last clear chance presupposes a perilous situation, created or existing through the negligence of both plaintiff and defendant, but assumes that there was a time after such negligence has occurred when the defendant could, and the plaintiff could not, by use of the means available avert the accident. In such a case, the negligence of the party creating the situation is remote, and that of the defendant in not averting the accident, after the peril is or should have been discovered, becomes the sole efficient cause of the injury." The pleadings warranted a charge of this doctrine but it was not given as attorneys for neither party on being questioned by the court indicated that they wanted it charged. The defendant now says that the plaintiff waived any reliance on this doctrine. This the plaintiff denies. It is not necessary to determine this question as the plaintiff would not have been helped if the doctrine had been charged. If the bus veered and in such a way and at such a time that the driver of the truck could not avert the accident, then the doctrine would not apply in favor of the plaintiff. The burden was on the plaintiff here, as on the question of proximate cause, to present evidence from which the jury could reasonably find that he was entitled to the benefit of the doctrine. Here again the jury would have been obliged to speculate and conjecture in order to find for the plaintiff and a finding so based could not stand as the support of the verdict for the plaintiff. *Bates* v. *Rutland R. Co.,* 105 Vt 394, 404, 165 A 923.

The lower court should have granted the defendant's motion for a directed verdict. In view of this holding there is no need to consider the other exceptions of the defendant.

*Judgment reversed, and judgment for the defendant to recover its costs.*

## On Motion for Reargument

Jeffords, J. The plaintiff in his brief in support of his motion for reargument says that there are three general grounds in the motion. The first of these is that the jury properly could have found that the plaintiff's conduct and negligence, if any, were no part of the proximate cause of the accident and that there was a time when

the defendant could and the plaintiff could not have avoided the accident. The plaintiff says that we failed to consider and apparently overlooked certain facts and inferences which could be legitimately drawn therefrom whereby the jury reasonably could have found lack of proximate cause. In support of this claim the plaintiff relies largely on a statement which he says is in the opinion to the effect that the plaintiff ought to have seen the approaching truck. He then argues what the plaintiff had a right to assume the driver of the truck would do in the way of turning to his right and that the plaintiff had no chance to turn the bus to its right when he saw or should have seen that the driver of the truck was not going to turn to his right so that a collision was inevitable due solely to the fault of the driver of the truck. The trouble with the plaintiff's claim in this respect is that it is founded on a false premise as there is no such claimed statement in the opinion nor can it reasonably be said that any such was intended or can be so understood to have been intended.

All material facts and inferences therefrom most favorable to the plaintiff are set forth in the opinion and were considered in treating the question of proximate cause and the doctrine of the last clear chance. The plaintiff in his brief has pointed out to us none that we overlooked. He has not shown, nor attempted to show, any fallacy in our holding to the effect that he failed to sustain his burden of proving that his negligence did not contribute to the accident in the least degree and that he failed to present a case for the jury on the doctrine of the last clear chance for the reasons set forth in the opinion, beyond his present claims before noted. He relies strongly on the language contained in the opinion in *LaFerriere* v. *Gray*, 104 Vt 366 at 373, 160 A 270. In that case all the material facts upon which the jury could properly base its finding in favor of the plaintiff under the last clear chance doctrine were laid before it. In the present case the vital fact of the course of the bus from the time the plaintiff was blinded until the collision is missing. In that case there was evidence for the jury's consideration while in the one at bar a finding by the jury in favor of the plaintiff on proximate cause and on the last clear chance doctrine would necessarily have been based on speculation, as stated in the opinion.

The second ground of the motion is that the jury properly could have found that the plaintiff did all that a reasonable and prudent

man would do under all the circumstances, and having done so was not negligent as a matter of law. In support of this claim the plaintiff says he is entitled to the benefit of the sudden emergency rule. This claim was made in *Steele* v. *Fuller,* 104 Vt 303 at page 310, 158 A 666, 669, in support of the position of the plaintiff that the question of his contributory negligence was for the jury. We held that "this position is not tenable." The rule stating what the operator of a motor vehicle must do when temporarily blinded was stated in the same language as that which we have quoted in this opinion from the opinion in *Kennedy* v. *Laramee,* 115 Vt 358, 61 A2d 547. In short, the effect of the holding in *Steele* v. *Fuller* is that when an operator of a motor vehicle is blinded he must do what he is required to do under the rule. If he obeys the requirements he is not negligent. If he does not he is negligent. We have held, in effect, that the present plaintiff did not take effective steps to materially reduce the speed of the bus and thus did not meet one of the alternative requirements of the rule. We have been given no sound reason why we should change our holding that he was negligent as a matter of law.

The third ground of the motion is that we have held, in effect, that in all cases when one is suddenly blinded he must apply his brakes. We have not so held, nor do we so hold. It is apparent that under certain circumstances and conditions the speed of a motor vehicle can be materially reduced by effective means other than the application of brakes.

Some claim is made that the present plaintiff was not "driving ahead" as were the plaintiffs in the three cases referred to in the opinion as being relied on by the defendant. The plaintiff says that while the bus was in motion he was doing what to him seemed best. But it is not a question of what seemed best to him but of his obedience of the rule. He kept driving along in a manner and at a speed which was in violation of the requirements of the rule.

*Motion for reargument denied. Let full entry go down.*