## ALAR v. UNITED STATES.
### No. 241, Docket 23031.

United States Court of Appeals, Second Circuit.

Argued April 15, 1954.

Decided May 6, 1954.

Morris Pottish, New York City (George W. Martin, New York City, and Herman E. Hoberman, Brooklyn, N. Y., on the brief), for plaintiff-appellant.

Albert H. Buschmann, Asst. U. S. Atty., Jamaica, N. Y. (Leonard P. Moore, U. S. Atty., and Arthur D. Hickerson, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for defendant-appellee.

Before CLARK, HINCKS, and HARLAN, Circuit Judges.

PER CURIAM.

This appeal, calling for the review of sharply disputed oral testimony about an automobile accident, is obviously foredoomed to failure; we do not review findings of fact that are not "clearly erroneous." Fed.Rules Civ.Proc. rule 52(a). Here plaintiff sued for personal injuries sustained by her when the car in which she was riding, owned and operated by Edward Staffe, collided with a government mail truck, operated by Philip LaPorte, shortly after midnight on August 17, 1950, at the intersection of 94th Street and 23d Avenue in Jackson Heights, Queens, New York City. Staffe was driving the plaintiff to catch a western plane at LaGuardia Field,

which was also LaPorte's destination for the delivery of mail. At the trial plaintiff gave evidence showing that she was talking to the driver and did not observe the occurrences of the accident, while the testimony of Staffe and LaPorte, both called as witnesses for the plaintiff, conflicted sharply even as to the streets upon which each car had traveled and its direction. So each driver accuses the other of failing to comply with "stop" signs; and, as Judge Rayfiel, sitting without a jury, well says in his thoroughly reasoned opinion, they "could hardly be in greater disagreement." See decision reported under the plaintiff's then (unmarried) name, Higgins v. United States, D.C.E.D.N.Y., 114 F.Supp. 499, 500. But as the judge goes on to demonstrate quite convincingly, Staffe's story was irreconcilable with the evidence as to the position of the two vehicles when they came to rest, as well as other incontrovertible signs from the highway, while LaPorte's testimony was. Accordingly the judge exonerated LaPorte and his employer, the United States, but gave judgment against Staffe for $35,000, from which Staffe has taken no appeal.

 Plaintiff, in appealing from the judgment for the United States, now accepts the court's finding rejecting Staffe's story, but argues that LaPorte was as a matter of law also negligent. Her counsel's contention is wholly unjustified when he charges and recharges that defendant concedes the incredibility of LaPorte's testimony and makes an argument which "shocks the conscience" based upon its present rejection. It would seem fantastic for the government to reject the evidence in its behalf which was found completely credible below and which, as the record shows, had stood up unshaken under sharp cross-examination; and close scrutiny of defendant's argument shows it did not. Indeed, the contrary is clearly the case. Plaintiff's actual contention seems to be that the trial court's findings, based upon LaPorte's testimony, show such speed on Staffe's part, through the "stop" sign against him, that he must have gotten

past the intersection before LaPorte arrived there. The findings of distance and speed were perhaps overprecise for the circumstances; LaPorte's momentary glimpse to the left, past a building corner, to see the Staffe car approaching like a "flash" could hardly be expected to produce completely accurate figures in feet as to distance and in miles per hour as to speed. But the mute evidence of the cars and the skid marks shows a crash at terrific speed by Staffe's car almost head on into the left side behind the front wheel of the mail truck, pushing it several feet to the right. Actually the evidence supporting the court's findings seems uncommonly clear.

Affirmed.