### DIAZ v. PILCHER.

No. 249, Docket 23038.
United States Court of Appeals,
Second Circuit.

Argued May 3, 1954.
Decided May 7, 1954.

A. Pearley Feen, Burlington, Vt. (Frederick P. Smith, Philip W. Hunt, and Paul D. Sheehey, Burlington, Vt., on the brief), for defendant-appellant.

John T. Conley, Middlebury, Vt. (Ralph A. Foote, Middlebury, Vt., on the brief), for plaintiff-appellee.

Before CLARK, FRANK, and MEDINA, Circuit Judges.

PER CURIAM.

Defendant's attack on the verdict and judgment holding him in damages for the injuries suffered by plaintiff in an automobile accident rests on his contention that under the law of Vermont, where the accident occurred, plaintiff was guilty of contributory negligence as a matter of law. As he concedes, the jury's finding of his negligence is not subject to attack, since he had left his car on a traveled highway without lights after dark. We agree, however, with the learned district judge that even under the unusually heavy burden apparently resting on plaintiff under local law, the issue was properly submitted to the jury. The plaintiff testified that, although he was blinded by the lights of an oncoming car, he did reduce his speed from about 40 to 30 miles an hour, and after the lights had passed was too near the defendant's car to avoid colliding with it. Being pressed he then did attempt to express the relative distances in feet, and these estimates form the basis for the detailed computations upon which defendant here particularly relies. But the jury could have taken these for what they necessarily were under the circumstances, i. e., relative estimates, rather than precise measurements, see Alar v. United States, 2 Cir., 212 F.2d 565, and have found, as it did, that plaintiff did have a care for his own safety. This serves to distinguish the most pertinent Vermont cases. In Paquin v. St. Johnsbury Trucking Co., 116 Vt. 466, 78 A.2d 683, 80 A.2d 669, the plaintiff did no more than take his foot off the accelerator; and in Kennedy v. Laramee, 115 Vt. 358, 61 A.2d 547, the plaintiff, when blinded, made no attempt to reduce his speed.

Affirmed.