**Mary Rivers, Administratrix of the Estate of Loretta Patterson v. State of Vermont, et al. and Mary Rivers, Administratrix of the Estate of Oscar Raymond Patterson v. State of Vermont, et al.**

[328 A.2d 398]

Nos. 150-73 and 151-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed October 2, 1974

Motion for Reargument Denied December 3, 1974

12

*McNamara, Fitzpatrick, Sylvester, Farrell & Maley*, Burlington, for Plaintiff.

*Karen McAndrew, Esq.*, of *Dinse, Allen & Erdmann*, Burlington, for Defendant.

**Barney, C.J.** These two cases, consolidated below, have a most unhappy state of facts. The two deceased, each represented by the same administratrix, were killed in an automobile collision. The pleadings allege that the vehicle in which they were traveling was struck by a truck being driven without lights at a high rate of speed by one Douglas Robtoy, who was under the influence of intoxicating liquor. It was about eight o'clock on a September evening, and the fact that the Pattersons were in a lighted vehicle did not help them. Robtoy, at the time, was an inmate of the Burlington Regional Correctional Center but on release on a weekend pass. It appears from matter in the record that the truck was stolen.

Although a jury was empaneled, no issues of fact were submitted to them, since the ruling which is here appealed came at the close of the plaintiffs' opening statement. At the time, the defendant State of Vermont made a motion which the trial court treated as a motion to dismiss. The court granted the motion and discharged the jury. The plaintiffs appealed.

The issues presented relate, first, to the presence of proximate cause as it applies to the defendants Department of Corrections and State of Vermont, and, second, to sovereign immunity as it may be available to these same parties in this case. As to this last issue, an additional concern is the plaintiffs' indicated wish to amend the pleadings to insure the proper presentation of the sovereign immunity question. Fundamentally, the plaintiffs are asserting the existence of factual issues requiring submission of the case to the jury, and making a dismissal on an issue of law prior to any factual adjudication erroneous.

Since proximate cause is an issue involved in the granting of the motion, and a vital ingredient of the plaintiffs' cause of action, we will examine that question first. It must be pointed out that this litigation does not make Douglas Robtoy a party. His own liability, if any, is not in issue; and any negligent

acts of his are relevant only as a part of the chain of consequences claimed to be set in motion by some alleged negligent act or acts on the part of the defendants, unless his negligence is properly an intervening cause. See *Bennett* v. *Robertson,* 107 Vt. 202, 209–10, 177 A. 625 (1935).

There are two interrelated legal concerns involved here. The first is whether or not the acts of the defendants as set out in the pleadings constitute negligence. The second is the related question of whether, if negligence, those acts formed any part of the proximate cause. Without that connection, negligence itself does not support recovery. *Paquin* v. *St. Johnsbury Trucking Co., Inc.,* 116 Vt. 466, 470, 78 A.2d 683 (1951).

It is the granting of a weekend pass to Robtoy that is set out as the triggering negligent act of the defendants. Certainly the granting of furloughs in this manner is not, *per se,* a negligent act. Robtoy was released under the authority of State statutes as they then existed. 28 V.S.A. § 109 authorized regional correction centers and envisaged the furloughing of prisoners assigned to such centers. 28 V.S.A. § 207(1) placed authority in the Commissioner of Corrections to grant freedom from close confinement for up to ten days.

These statutes represent a part of the rehabilitative pattern for criminal offenders that the Legislature has seen fit to implement. That body deliberately elected to put upon the public the risks incident to such a program, in return for the presumably greater rehabilitative returns. Whether this was wise policy is not a judicial concern, since it was clearly within the proper province of the Legislature to undertake it.

Thus, by itself, the granting of a weekend pass is a proper action, justified under law, and therefore not negligent. However, although no facts are now alleged to support a claim that that action was performed in a negligent manner, in the light of the plaintiffs' request for a chance to amend, and since all issues have been presented in argument supported by full and competent briefing, we will consider the proximate cause issue on the assumption that some valid claim could be made of negligence in the granting of a furlough.

What the plaintiffs would have the court do is translate an act under the authority of that rehabilitative legislation into

a part of the proximate cause of an automobile accident. This is to be done in the presence of a number of independent acts by Robtoy; namely, intoxication, theft of a vehicle, driving without lights and without maintaining a proper lookout, and driving at an excessive rate of speed. Nothing is alleged claiming that Robtoy suffered from any mental shortcoming such as to make him not responsible for his acts or that his state of competency required constant supervision.

█ The law of proximate cause calls for a causal connection between the act for which the defendant is claimed to be responsible and which is alleged to be negligent and the resulting flow of injurious consequences. *McDonnell* v. *Montgomery Ward,* 121 Vt. 221, 229, 154 A.2d 463 (1959). Foreseeability, although an ingredient in the determination of negligence, is not a factor in the determination of proximate cause. *Dodge* v. *McArthur,* 126 Vt. 81, 83, 223 A.2d 453 (1966). As that case says, proximate cause is described as cause-in-fact, resulting from the negligent act.

To say that Robtoy's negligent acts were transferable to the State as a matter of causation, because the rehabilitative release mechanism was involved, is to claim the State is liable for such acts where there is release on probation or parole, or even for early release based on good time. Such a theory might hold the Legislature itself to be responsible if an accident occurred based on a release from a sentence too short to rehabilitate, or because a driving while intoxicated license suspension failed to prevent a subsequent accident.

The argument that suggests that this ought to be so, even on the facts of this case, runs dangerously parallel to the arguments for preventive detention that represent an overriding of constitutional limitations.

█ To this Court, the act of giving a weekend furlough to a prisoner not under such mental disability as to require supervision is an act outside the causative factors of the kind of negligent accident alleged in these proceedings. The motion for dismissal had to be granted as a matter of law, and the directed verdict was proper. This being so, the issues relating to sovereign immunity are not reached.

*Judgment of dismissal affirmed.*