### William D. Finnegan v. State of Vermont

[420 A.2d 104]

No. 269-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

September 8, 1980

*McKee, Giuliani & Cleveland*, Montpelier, for Plaintiff.

*Barbara E. Cory* of *Dinse, Allen & Erdmann*, Burlington, for Defendant.

**Daley, J.** The plaintiff is a correctional officer employed by the defendant. On October 5, 1976, while attempting to recapture an escaped prisoner, plaintiff's private vehicle was struck in the rear by a stolen vehicle operated by the escapee. Plaintiff's civil action for damages alleged a count of negligence for allowing the prisoner to escape, and a count of unjust enrichment.

At the close of the plaintiff's case in a trial by jury the defendant moved for a directed verdict upon each count on the ground that the plaintiff had failed to establish a prima facie case. The court granted the motion, and the plaintiff appeals. We affirm.

In reviewing the trial court's ruling the evidence must be viewed in the light most favorable to the plaintiff, without regard to any modifying evidence. *Condosta* v. *Condosta*, 137 Vt. 35, 38, 401 A.2d 897, 899 (1979). The evidence, viewed in this light, is as follows. On the morning of October 5, 1976, an unnamed St. Albans Correctional Center inmate was a member of a five or six man work detail at an area outside the walls of the institution. This crew was in charge of a single unarmed work supervisor. The supervisor was not aware that the inmate in question had several prior escapes on his record, including one in which he stole an automobile and was recaptured after a high speed chase. Within a few minutes after arrival at the work area, the supervisor went a short distance from the crew to get the day's work orders, momentarily leaving the crew partially out of sight. The inmate then stole a private vehicle parked nearby and drove off.

The plaintiff, an off-duty Chittenden Correctional Center officer, first learned of the escape from a radio scanner located in his car while he was visiting a friend in St. Albans. The

plaintiff's friend was a lieutenant at the St. Albans Correctional facility. When the lieutenant was told of the escape, he had plaintiff call the St. Albans facility to inform them that he thought he knew where the escapee would go, and that he and the plaintiff would attempt to find him. With plaintiff driving, they proceeded in the plaintiff's car to a trailer park, and there they observed the escapee backing into the highway. A chase ensued, until plaintiff, at the direction of the lieutenant, attempted to cut off the escapee by pulling his vehicle in front of the escapee's car and stopping. When they were almost stopped, the escapee's car suddenly shot forward, struck the trunk area of plaintiff's vehicle, and then fled from the scene. Further pursuit that day proved futile. The escapee was later apprehended by other officers.

Although the escapee was considered dangerous, he had undergone screening and counseling during the month prior to the escape, and he had achieved a level of performance that qualified him for work outside the walls. This work release program is authorized by statute, and is an integral part of the rehabilitative function of the correctional centers. See 28 V.S.A. §§ 751–760.

The plaintiff contends that under this state of the evidence a jury question was raised as to whether the defendant was negligent in allowing the inmate to work outside the walls under the supervision of one unarmed officer who was not apprised of the inmate's propensity to escape. Furthermore, plaintiff claims that a jury question was raised as to whether the damage to his automobile was a foreseeable consequence of the alleged negligence. As Mr. Chief Justice Barney stated in *Rivers* v. *State*, 133 Vt. 11, 13, 328 A.2d 398, 399 (1974) :

> There are two interrelated legal concerns involved here. The first is whether or not the acts of the defendants as set out in the pleadings constitute negligence. The second is the related question of whether, if negligence, those acts formed any part of the proximate cause. Without that connection, negligence itself does not support recovery. *Paquin* v. *St. Johnsbury Trucking Co., Inc.*, 116 Vt. 466, 470, 78 A.2d 683 (1951).

Foreseeability, although an ingredient of the determination of negligence, is not a factor in determining proxi-

mate cause, *Dodge* v. *McArthur*, 126 Vt. 81, 83, 223 A.2d 453, 454 (1966), and therefore plaintiff's argument that the evidence showed this escape and its consequences to be foreseeable is not well taken on the causation issue. Whether the alleged negligence was the proximate cause of plaintiff's damages is simply a question of whether that alleged negligence was the cause-in-fact of those damages. *Rivers* v. *State, supra,* 133 Vt. at 14, 328 A.2d at 400; *Dodge* v. *McArthur, supra.* In this case, as in the case of *Rivers* v. *State, supra,* the proximate cause of the plaintiff's damages was the independent act of the escapee, and not any alleged negligent acts on the part of the defendant. And, as in *Rivers* v. *State, supra,* we decline to adopt plaintiff's view that the escapee's negligence is somehow transferable to the state. Therefore, even if it could be said that the defendant was negligent, a point we need not decide here, the plaintiff failed to establish a prima facie case on the vital element of proximate cause. Accordingly, the verdict was properly directed against the plaintiff on the negligence issue. See *Hobart* v. *P. J.'s Auto Village, Inc.,* 136 Vt. 287, 289, 388 A.2d 419, 420 (1978); *Rivers* v. *State, supra,* 133 Vt. at 13, 328 A.2d at 399.

■ The plaintiff's claim of unjust enrichment is equally without merit. His evidence simply fails to disclose such facts and circumstances as would give rise to a duty or legal obligation on the part of the defendant to pay for the damage to his automobile. Furthermore, the evidence fails to reveal any benefit received by the defendant the retention of which would be inequitable. The plaintiff volunteered the use of his vehicle, but in this state one is not permitted to recover for benefits voluntarily conferred. *Morse* v. *Kenney,* 87 Vt. 445, 450, 89 A. 865, 868 (1914).

*Judgment affirmed.*