J-S73022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

JULIUS LAMAR ROBINSON

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 260 WDA 2016

Appeal from the Order January 14, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0018834-2009

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 24, 2016**

Julius Lamar Robinson appeals *pro se* from the trial court's order denying his "Motion to Vacate the Judgment of Sentence, And/Or In the Alternative to Set Aside His Mandatory Minimum-Maximum Sentence," which was treated as a petition[1] filed pursuant to the Post Conviction Relief Act (PCRA).[2]  We affirm.

In September 2012, Robinson entered a guilty plea to one count of corrupt organizations,[3] two counts of possession of a controlled substance

---

[1] **See** 42 Pa.C.S. § 9542 (PCRA intended to be sole means of achieving post-conviction relief); **see also Commonwealth v. Beck**, 848 A.2d 987 (Pa. Super. 2004) (where inmate sought petition for writ of habeas corpus challenging legality of sentence, matter cognizable under PCRA).

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. § 911(b)(3).
*(Footnote Continued Next Page)*

with intent to deliver,[4] and 8 counts of delivery of a controlled substance (cocaine).[5] Robinson was sentenced to eight concurrent terms of 4-10 years in prison for each delivery charge.[6] Neither post-sentence motions nor a direct appeal were filed.

On July 17, 2015, Robinson filed a *pro se nunc pro tunc* petition to modify and amend his sentencing order to make him eligible for the Recidivism Risk Reduction Incentive (RRRI) Program.[7] The court denied his motion, which was treated as a first PCRA petition, **Beck**, **supra**, on September 28, 2015. On October 28, 2015, Robinson filed the instant motion, treated as a second PCRA petition, which the court denied on January 14, 2016. This appeal follows.

Instantly, the trial court states the following in its Pa.R.A.P. 1925(a) opinion:

> The Defendant has filed a Concise Statement of Matters Complained of on Appeal, which upon review appears to this Court to be a list of cases and statutory citations with no discernible argument or claim of error. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to

*(Footnote Continued)* ────────────────

[4] 35 P.S. § 780-113(a)(30).

[5] 35 P.S. § 780-113(a)(30).

[6] No further sentence was imposed on the remaining counts.

[7] The sentencing court determined that Robinson was not RRRI eligible.

identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." ***Commonwealth v. Reeves*** 907 A.2d 1, 2 (Pa. Super. 2006), citing ***Commonwealth v. Dowling***, 78 A.2d 683, 686-[8]7 (Pa. Super. 2001).

Insofar as the Defendant has failed to identify his claims of error in a manner discernible to this Court, this Court is unable to provide any substantive analysis for the appellate court. Therefore, his claims should be dismissed.

Trial Court Opinion, at 6/23/16, at 2-3. While we agree with the trial court that Robinson's Pa.R.A.P. 1925(b) Concise Statement is anything but concise, we are able to decipher a veiled illegal sentence claim predicated upon the holding of the United States Supreme Court decision, ***Alleyne v. United States*** 133 S.Ct. 2151 (2013).[8]

Although the Commonwealth did seek the mandatory minimum sentence on Robinson's drug-related convictions, ***see*** 18 Pa.C.S. 7508 (drug trafficking and sentencing penalties), the court's sentencing order form notes that no mandatory minimum was applied to the sentence. Therefore, the claim is moot.[9]

---

[8] In ***Alleyne***, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. ***Alleyne***, 133 S.Ct. at 2163.

[9] However, even if the court had applied a mandatory minimum statute, Robinson would not be entitled to relief because he filed his petition more than one year from the date that his judgment of sentence became final. Therefore, his petition is facially untimely. ***See*** 42 Pa.C.S. § 9545(b)(3). Unless an untimely petitioner pleads and proves an exception to the PCRA

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016

---

*(Footnote Continued)* ————————————————

time requirements, the trial court has no jurisdiction to act on the petition. ***See Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003) (PCRA timeliness requirements are jurisdictional in nature and PCRA court cannot hear untimely petitions).

Robinson alleges that ***Alleyne*** announced a "substantive rule of Constitutional Law" that should be applied "Retroactively[.]" Appellant's Brief, at iii. In ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014), the defendant, who had also filed an untimely PCRA petition raising an illegal sentence claim, argued similarly that ***Alleyne*** announced a new constitutional right under the PCRA that applies retroactively. ***Id.*** at 995. While our Court acknowledged that the claim implicated the legality of the defendant's sentence, it also noted that in order for it to review a legality of sentence claim, there first must be a basis for jurisdiction. ***Id.*** Ultimately, the court held that ***Alleyne*** is not to be applied retroactively to cases in which the judgment of sentence had become final. ***Id.***

Similar to the defendant in ***Miller***, Robinson raises a legality of sentence claim predicated on the holding of ***Alleyne*** and an unconstitutional mandatory minimum statute. Because Robinson's petition is facially untimely, he does not allege and prove a timeliness exception under the PCRA, and because ***Alleyne*** does not apply retroactively to cases on collateral review, ***Miller***, ***supra***, he is not entitled to relief. ***See also Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016).

- 4 -