## E. J. WILDER v. WILLIAM J. STANLEY.

### FRANKLIN COUNTY, 1893.

Before:   Ross, Ch. J., Taft, Rowell and Tyler, JJ.

*Negligence. Proximate cause. Finding of referee against evidence. Declarations not evidence. Construction of report.*

1.  The colt of the plaintiff escaped from his pasture into the pasture of the defendant over a portion of the line fence which it was the duty of the defendant to keep in repair, and which was then out of repair. From the defendant's pasture it passed into the pasture of Willey. The referee found that while one Tracy, a volunteer stranger, was attempting to drive the colt back into the plaintiff's pasture, it ran onto a barbed wire fence and was injured. *Held*, that the defendant was liable, for

   *a.* There was no evidence on which the referee could base his finding that Tracy was attempting to drive back the colt.

 *b.* If he were, there was no finding that he was guilty of any negligence in so doing.

 *c.* And if he had been, his negligence was that of a stranger concurring with the negligence of the defendant, which would not relieve the defendant.

2. The declarations of a person as to a transaction made after it has occurred are not evidence in chief as to what the transaction was.

3. *Held*, That the referee's report found that the plaintiff's colt escaped over that portion of the fence which it was the duty of the defendant to keep in repair.

Case for the negligence of the defendant. Heard upon the report of a referee at the September term, 1892, THOMPSON, J., presiding. Judgment for the plaintiff. The defendant excepts.

The plaintiff and defendant owned and occupied adjoining pastures.. The colts of the plaintiff escaped from his pasture into the pasture of the defendant over a portion of the division line fence, which it was the duty of the defendant to maintain. From the defendant's pasture they passed into the pasture of one Willey. While there they started from some cause and ran back towards the pasture of the defendant, and in so doing one of them ran against the barbed wire fence between the pasture of Willey and that of the defendant, and severed the jugular vein, from which it died.

The referees found that at the time of the accident one Tracy was, without any authority from either the plaintiff or defendant, attempting to drive the colts from Willey's pasture into that of the plaintiff, and submitted an alternative finding; for the defendant, if the unauthorized act of Tracy was the legal cause of the injury; for the plaintiff, if the defective fence of the defendant was the cause of the injury.

Being directed to report that evidence upon which they based their finding that Tracy was attempting to drive the

colts back to the pasture of the plaintiff, it appeared that
Tracy himself was introduced as a witness, and testified
that he saw the colts of the plaintiff in Willey's pasture
playing with the colts of one Kendall, who owned an ad-
joining pasture, across the fence; that one of Kendall's colts
kicked the top rail, and so started the colts of the plaintiff.
Upon cross-examination he was asked if he did not soon
after the accident say to several persons that he was at the
time driving the colts back, which he denied. Thereupon
these persons were inquired of, and testified that he had so
stated to them; and this was the only evidence of the fact
before the referees.

*Wilson & Hall* and *E. McFeeters* for defendant.

*Hogan & Boyce* for the plaintiff.

The damage is not too remote. *Saxton* v. *Bacon*, 31 Vt.
540; *Eddy* v. *Kinney*, 60 Vt. 554; Sedg. Dam., pp. 85,
86, 95, 96, and notes and cases cited.

If the negligence of Tracy concurred with that of the
defendant, the defendant is still liable. Shear. & Redf.
Neg., § 10, n. 2, and cases cited; §§ 595, 596; *Webster* v.
*Hudson River R. R. Co.*, 38 N. Y. 260.

Tracy's declarations that he was attempting to drive the
colt back were not affirmative evidence of the fact. *Fair-
child* v. *Bascom*, 35 Vt. 398; 1 Green. Ev., § 108, note
(*a*); *Lund et ux.*, v. *Inh. of Wyngsborough*, 9 Cush. 36;
*Scholfield* v. *Bridges*, 4 Pick. 377.

ROSS, Ch. J.   The defendant contends that the ref-
erees have not found that the colt injured escaped over the
defective portion of the division fence, which it was the duty
of the defendant to maintain and keep in repair. This con-
tention is not sustained by the report. They first find that
at the time of the injury complained of the defendant's por-

tion of the fence was insufficient at certain points described;
then that, on September 20, 1888, the plaintiff's colts
escaped from his pasture into the defendant's pasture, over
or through the gap or break in the defendant's portion of
the fence; and again, "If  *   *   *   the unlawful and de-
fective fence over or through which we find the plaintiff's
colt passed on the 20th day of September, 1888, or a short
time prior thereto," etc.   The referees nowhere modify or
change these findings, that the colt escaped over the defect-
ive portion of the defendant's fence wherever it did escape
from the plaintiff's pasture, on that occasion.   Subsequently
in their report the referees find that no evidence showed how
long before September 20, 1888, the colt escaped from the plain-
tiff's pasture, and that they cannot find the exact time prior
when it did escape.   Hence, the plaintiff's colt, which was
killed on September 20th, 1888, was away from the plain-
tiff's pasture on that occasion through the negligence of the
defendant, or his failure to discharge his duty to the plaintiff
in maintaining his portion of the division fence in the man-
ner required by law; and, as said by Smith, J., in *Lee* v.
*Riley*, 18 C. B. N. S. (114 E. C. L. 722), cited with approval
by this court in *Tupper* v. *Clark*, 43 Vt. 200, adapted to the
facts of this case, it was through the defendant's negligence
that the colt and barbed wire, causing its death, came to-
gether.   The judgment of the county court was therefore
correct, unless the facts found by the referees show that some
other independent cause, disconnected with the negligence
of the defendant, occasioned the death of the colt.

II.   The defendant contends that the facts found in regard
to the acts of Hiram Tracy show such an independent, dis-
connected cause.   There are several sufficient answers to
this contention.   There was no legitimate evidence before
the referees to show that Tracy started up or drove the colts.
Tracy was not a party, and his declarations to the effect that
he started up or undertook to drive the colts on the occasion,

if established, were not evidence which the referees could lawfully use to establish the fact. He denied that he started up or drove the colts. All his declarations shown were in regard to what he was intending, or what he had done. They were not of the *res gestæ*, as they did not accompany and explain, or characterize his act of starting up or driving the colts. There was no other evidence tending to establish the fact that he started up or drove the colts on the occasion of the injury. If he did, it is not found that his act was negligently done. The colts had escaped through the negligence of the defendant. The plaintiff had the right to pursue and return them in a proper manner, or to employ Tracy to do so. He might not be able to catch and lead them back. He might be obliged to drive them in a prudent manner. If Tracy had been employed by the plaintiff—as he was not—to defeat the right of recovery, it must have been found, as it is not, that Tracy started or drove the colts negligently. The escape being through the negligence of the defendant, that negligence accompanied the colts while roaming, by reason of it, away from the plaintiff's pasture. Inasmuch as Tracy was not the servant of the plaintiff, if he voluntarily negligently started up or drove the colt at the time it was injured, Tracy's negligence would be concurrent with that of the defendant in causing the death of the colt. In such a case both or either of the wrong doers are liable for the injury and damage caused by their concurrent negligence. Hence, this contention of the defendant is not maintainable.

*Judgment affirmed.*