W. J. CAMERON ET UX. *v.* EMILE BISSONETTE ET UX.

October Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed November 5, 1930.

*Latham & Latham* for the plaintiffs.

*M. G. Leary* and *Austin H. Kerin* for the defendants.

SLACK, J.    The action is case to recover the value of a mare that belonged to the plaintiffs and was found dead in a brook while in the possession of the defendants.    Trial was by jury. At the close of all the evidence the court directed a verdict for the defendants, to which the plaintiffs excepted.

It appeared, without dispute, that on October 3, 1928, the plaintiffs purchased from the defendants a farm on which the latter then resided and certain live stock, including the mare in question; that the defendants were to have time (how long did not appear) in which to move off the farm, and were to have the mare, without charge, to use in moving; that there was a barn on the farm in which she could have been kept, but that she was left in the pasture the day and night of October 18, when it was cold and rainy, and the following morning was found dead in a brook in said pasture; that the normal depth of the water

in this brook is about two feet, and that its depth at the time the mare was found therein was from four to five feet.

The plaintiffs contend that the defendants were gratuitous bailees of the mare, since the bailment was for their sole benefit. This is not questioned by the defendants, so we treat that as an established fact.

The plaintiffs further contend that as such bailees the defendants were bound to exercise a high or extraordinary degree of care and diligence in caring for the mare. This is true. Schouler in his 1905 edition on Bailments, at page 28, in speaking of this class of bailees, says: "The bailee is bound to exercise what is called great, or more than ordinary diligence, and to respond for every loss which is caused by even slight negligence on his part." To the same effect are Elliott on Bailments (2nd ed.) par. 40, and Story on Bailments (9th ed.) par. 237. In the absence of a special contract, however, such bailees are not insurers of the subject of the bailment, and are only liable for such loss or damage as results from their negligence.

The question is whether the death of the mare was due to even the slight negligence of the defendants. The negligence charged in the declaration is that she was left in the pasture, in the rain and cold, the day and night of October 18, and by reason thereof became hungry, numb and cold, and lost her way and fell into a swollen brook and was killed.

There is no evidence that because of the condition of the weather on the day and night of October 18 the mare became hungry, or numb, or cold, or lost her way, but the fact that she fell into the brook and was drowned was not disputed.

The evidence regarding the condition of the weather on the day and night of October 18 was such as to entitle the plaintiffs to go to the jury on the question of whether the defendants exercised the care and diligence required of them in leaving the mare in the pasture at that time. But unless it can be said, in the circumstances, that such negligence, if found, was the proximate cause of the mare's death the action of the court in directing a verdict must be sustained, because the law is well settled that negligence to be actionable must be the proximate cause of the injury for which compensation is sought. *Woodcock's Admr.* v. *Hallock,* 98 Vt. 284, 127 Atl. 380. Much difficulty is sometimes experienced in the application of this rule since no test has been or can be formulated that will solve

the question in every case. This was recognized by Judge Pierpont in *Stickney* v. *Maidstone,* 30 Vermont at page 741. As is. said in *Mayor* v. *Foltz,* 133 Md. 52, 104 Atl. 267, 268: ''It is by analysis and synthesis, rather than by definition that the distinction between proximate and remote cause must be made.''

It is a well-established rule that in order to warrant. a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable sequence of the negligence or the wrongful act, and that it was such as might, or ought to, have been foreseen in the light of the attending circumstances. But this rule is no test in cases where no intervening efficient cause is found between the original wrongful act and the injurious consequences complained of, and in which. such consequences, although not probable, have actually flowed in unbroken sequence from the original wrongful act. *Stevens* v. *Dudley,* 56 Vt. 158; *Gilson* v. *Delaware & Hudson Canal Co.,* 65 Vt. 213, 26 Atl. 70, 36 A. S. R. 802. When negligence is. established, liability attaches for all the injurious consequences that flow therefrom until diverted by the intervention of some efficient cause that makes the injury its own, or until the force set in motion by the negligent act has so far spent itself as to be too small for the law's notice. *Woodcock's Admr.* v. *Hallock, supra; Ide* v. *Boston & Maine R. R.,* 83 Vt. 66, 74 Atl. 401; *Mobus* v. *Waitsfield,* 75 Vt. 122, 53 Atl. 775; *Gilson* v. *Delaware & Hudson Canal Co., supra; Stevens* v. *Dudley, supra.*

This case is similar to *Wilder* v. *Stanley,* 65 Vt. 145, 26 Atl. 189, 190, 20 L. R. A. 479. There the plaintiff's colt escaped into the defendant's pasture through the defendant's neglect in keeping the line fence between his farm and that of the plaintiff in repair. From the defendant's pasture the colt passed into the pasture of one W. where it came in contact with a barbed wire fence and received injuries from which it died. In sustaining a judgment for the plaintiff this Court said: ''It was through the defendant's negligence that the colt and barbed wire, causing its death, came together.''

Assuming that negligence of the defendants in leaving the mare in the pasture as they did is established, it is not apparent how this case is distinguishable from *Wilder* v. *Stanley.* In neither case would the animal have been injured but for the neglect of the defendant, and whether such neglect was the

failure to maintain a suitable fence, or failure to keep the animal in the barn when due care and diligence required it, is immaterial. It was through defendant's negligence that the colt and barbed wire came together in the Wilder Case; it was through the defendants' negligence, if established, that the mare and swollen brook came together in the instant case.

Evidence was introduced tending to show a special contract of bailment, but since no advantage therefrom is relied upon in the pleadings, or claimed here, we give that question no consideration.

*Judgment reversed, and cause remanded.*

NOTE.—THOMPSON, J., being disqualified, did not sit.