**Alfred L. Hobart v. P. J.'s Auto Village, Inc.**

[388 A.2d 419]

No. 83-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 6, 1978

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff.

*Valsangiacomo, Heilmann & Detora*, Barre, for Defendant.

**Daley, J.** The plaintiff brought his vehicle to the defendant's place of business for certain repairs which the defendant undertook to perform. One night while the car was in a lot used by the defendant as a storage area for used cars and vehicles undergoing repair, some unknown person or persons jacked up the car and stole two wheels and tires. Damage occurred to the exhaust, suspension and brake systems when the car was lowered or fell to the ground unsupported by the missing wheels. The plaintiff brought suit claiming that his damages were proximately caused by the negligence of the defendant in failing to protect the vehicle from vandals. In a trial by court, the defendant was found liable. He now appeals claiming the judgment is not supported by the trial court's findings of fact and conclusions. We agree.

The law applied by the court is the doctrine set forth in *Zweeres* v. *Thibault*, 112 Vt. 264, 269, 23 A.2d 529, 533 (1942). In the case of a bailment for hire the bailee is liable for injury to the property bailed that results from his failure

to exercise due care and diligence in its preservation. The burden was upon the plaintiff to prove that the defendant did not exercise such care and was negligent.

█ It is also the well established law that negligence to be actionable must be the proximate cause of the injury for which compensation is sought. *Cameron* v. *Bissonette,* 103 Vt. 93, 95, 152 A. 87, 88 (1930).

The trial court found (1) that some automobiles awaiting service were stored outdoors overnight adjacent to that portion of the building containing the service department, (2) that the storage area was not enclosed by a fence or other structure, (3) that while the storage area was illuminated, it was not illuminated as brightly as another portion of the premises where other automobiles were stored, (4) that the business premises were unguarded at night except for routine police patrols at management's request, (5) that an L-shaped storage canopy effectively screened the storage area from the most likely direction of public view, Williston Road, because the canopy was more brightly illuminated and the dealer had a policy of always filling the canopy at the close of business with a row of closely parked automobiles, and (6) at least one car dealer in the Burlington area maintains a fenced area for cars parked outside awaiting repairs.

Apart from the isolated instance of fencing by one other dealer in the locality, the trial court did not address the question of what precautions a reasonable garagekeeper would have taken under circumstances where he had knowledge of occasional vandalism to automobiles stored on his premises overnight.

█ In short, the plaintiff's evidence and the trial court's findings do not support its apparent conclusion, not specifically stated, that the defendant failed to exercise the care required of it and that such failure constituted negligence. Even if we were to assume that it did, there is no finding that such negligence was the proximate cause of the plaintiff's loss. Our reading of the record convinces us that the plaintiff's evidence would not support a finding of proximate cause even if one had been made.

Under these circumstances since there is no basis for the judgment as rendered, we will enter judgment for the defendant.

*Reversed; judgment for the defendant.*