**Daniel R. and Joyce L. MENARD v. COOPERATIVE FIRE INSURANCE ASSOCIATION of Vermont**

[592 A.2d 899]

No. 88-177

April 26, 1991. Plaintiffs, Daniel and Joyce Menard, sued D.M.C. Electric, Inc. alleging that faulty installation of an outlet box caused a fire that burned down plaintiffs' barn. Prior to the trial defendant, Cooperative Fire Insurance Association of Vermont, which was plaintiffs' fire insurance carrier and paid plaintiffs' claim, took possession of the outlet box and lost it and all pictures of it. As a result, plaintiffs were unable to show the box to the jury, and plaintiffs' expert was unable to use it in his testimony in the case against D.M.C. Electric. When the jury returned a verdict against plaintiffs in that case, they sued defendant, alleging that because of defendant's negligence in losing the outlet box they were unable to prove that the box was "the source of the fire." The trial court dismissed this action, holding that collateral estoppel barred it because the jury in the case against D.M.C. Electric had determined that it was not negligent in relation to the fire. Plaintiffs argue here that collateral estoppel was improperly applied to this case.

We agree that collateral estoppel as applied by the trial court is inapplicable. Under the trial court's theory, a tort action like this could *never* proceed because, even if the loss of the box were shown to be the direct cause of the jury verdict against plaintiffs, that verdict is binding and prevents recovery. Presumably, that result would apply even if a party intentionally destroyed evidence to prevent recovery. However, a jury determination is preclusive under collateral estoppel doctrine only if plaintiffs had a "full and fair opportunity to litigate the issue in the earlier action." *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 587 (1990). The heart of plaintiffs' case against defendant is that an opportunity to show that D.M.C. Electric's actions were the proximate cause of the fire was not afforded because of defendant's negligence.

We affirm the dismissal of plaintiffs' action, but on different grounds. The interrogatories provided to the jury in the action against D.M.C. Electric specifically provided that they were to first determine whether D.M.C. Electric was negligent and then determine if the negligence, if any, was the proximate cause of the fire. The jury determined that D.M.C. Electric was not negligent and never reached the proximate cause question. We must assume that the jury followed the instructions in completing the interrogatories. See *Claude G. Dern Elec.,*

Inc. v. Bernstein, 144 Vt. 423, 427, 479 A.2d 136, 139 (1984).

As shown by their complaint and their theory in the action against D.M.C. Electric, the condition of the outlet box was relevant to show that improper wiring of the box was the cause of the fire. Thus, the loss of the box caused no harm. It did not interfere with plaintiffs in showing D.M.C. Electric was negligent since it was undisputed that the box was wired in the way that plaintiffs' expert testified was dangerous. In this case, plaintiffs must prove that defendant's negligence was the proximate cause of their damage—that is, the lost recovery in their case against D.M.C. Electric. See *Hobart v. P.J.'s Auto Village, Inc.*, 136 Vt. 287, 289, 388 A.2d 419, 420 (1978). The undisputed facts show that they cannot do so because the jury never reached the proximate cause question and denied them recovery on absence of negligence.

*Affirmed.*