**Mary C. REPUCCI, individually and as executor of the Estate of Francis E. Repucci Plaintiff,**

v.

**LAKE CHAMPAGNE CAMPGROUND, INC., a Vermont corporation, Pierre LaFrance and Elizabeth LaFrance, individually, Woodall Publications Corp., a Delaware corporation, Affinity Group, Inc., a Delaware corporation, Affinity Group Holding, Inc., a Delaware corporation, jointly and severally, Defendants.**

No. 2:01–CV–287.

United States District Court, D. Vermont.

April 25, 2002.

Susan J. Flynn, Esq., Clark, Long, Werner & Flynn, Burlington, VT, for Mary C Repucci, individually, plaintiff.

Scott R. Behman, Esq., Charles A. Murphy, Esq., Gibson & Behman, P.C., Burlington, MA, Kevin H. O'Neill, Esq., Gibson & Behman, P.C., Manchester, VT, for Lake Champagne Campground, Inc., a Vermont corporation, jointly and severally, Pierre LaFrance, individually, and jointly and severally, Elizabeth LaFrance, individually, and jointly and severally, defendants.

### OPINION AND ORDER

SESSIONS, District Judge.

This action stems from the death of Plaintiff's husband at the Lake Champagne Campground, Inc. (the "Campground") after being struck by a falling tree. Plaintiff brings one count each of negligence and consumer fraud against the Campground and Pierre and Elizabeth La France (the "Lake Champagne Defendants") and one count each of negligent misrepresentation and consumer fraud against Woodall Publications Corp., Affinity Group, Inc., and Affinity Group Holding, Inc. (the "Woodall Defendants"). The Woodall Defendants have moved to dismiss the counts against them under Fed. R.Civ.P. 12(b)(6). (Paper 20) For the reasons discussed below, the motion to dismiss is **GRANTED**.

### I. Background

The following facts are taken from Mary Repucci's Complaint and are assumed to be true for the purposes of this motion. On September 16, 1999, during a vacation in Vermont, Francis and Mary Repucci (the "Repuccis") decided to spend the night at the Campground in Randolph, Vermont. They consulted Woodall's Campground Directory (the "Directory") in selecting the Campground. The Directory stated that the Campground was "well-maintained" and a "premier" campground. The weather was poor that evening as Tropical Storm Floyd had brought high winds and rain to the area. The Repuccis chose the Campground based on the recommendation of the Directory that it was well-maintained and a premier campground and they believed it would provide them with a safe and comfortable environment for the night.

The next morning at approximately 3:45 a.m., while the Repuccis were sleeping, a large cottonwood tree fell on the left rear

end of their recreational vehicle. The tree caused the roof of the vehicle to collapse, pinning Francis Repucci's head between the mattress and a wooden cabinet that had been part of the bedroom wall. Mary Repucci, who had been lying near her husband, was unhurt. She tried to release her husband from the collapsed wall but was unable to do so. Francis Repucci died from head trauma.

The tree that fell on the vehicle "had advanced wood decay in the trunk due to the presence of dead bark, extensive exterior fungi, and visible, apparent, patent, and obvious external decay and rot." Complaint ¶ 16. The Lake Champagne Defendants had been advised previously of the fact that trees near to the Repuccis' campsite, including the cottonwood that struck the vehicle, were "structurally unstable and extremely hazardous due to significant visible decay." Complaint ¶ 20(e). The Repuccis had no opportunity to observe the visible decay on the cottonwood tree that struck their vehicle because they arrived at the Campground after nightfall.

## II. Legal Standard

A motion to dismiss for failure to state a claim upon which relief can be granted should be granted "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim[s] which would entitle [her] to relief.'" *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court must accept as true all the factual allegations in the Complaint, drawing all inferences from those allegations in the light most favorable to Plaintiff. *Todd v. Exxon Corp.*, 275 F.3d 191, 197 (2d Cir.2001).

## III. Discussion

Under Vermont law[1] neither the negligent misrepresentation claim nor the consumer fraud claim can survive the Woodall Defendants' motion to dismiss.

## A. Negligent Misrepresentation

■ Vermont courts have adopted the standard for negligent misrepresentation claims set out in section 552[2] of the Restatement (Second) of Torts. *Howard v. Usiak*, 172 Vt. 227, 775 A.2d 909, 912–13 (2001); *McGee v. Vermont Fed. Bank, FSB*, 169 Vt. 529, 530, 726 A.2d 42, 44 (1999). Section 552 provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts [hereinafter "Restatement"] § 552(1) (1977).

Plaintiff argues, in essence, that she and her late husband justifiably relied upon the

1. The Court has jurisdiction over this matter based on diversity, and applies the substantive law of the state of Vermont. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. Plaintiff also argues that section 311 of the Restatement, outlining a cause of action for negligent misrepresentation causing physical harm, is applicable. However, the Vermont Supreme Court has not adopted this section of the Restatement. Plaintiff provides no justification for why the Court should adopt an additional negligent misrepresentation cause of action when the Vermont Supreme Court has explicitly adopted a different Restatement cause of action. Under these circumstances the Court is unwilling to create a new cause of action in Vermont. *See Garland v. Herrin*, 724 F.2d 16, 18–20 (2d Cir.1983) (a federal court sitting in diversity should not create new state-law causes of action).

Directory's allegedly false statements that the Campground was "well-maintained" and "premier" in choosing to stay there during the stormy night and that as a proximate result of their justifiable reliance she has suffered pecuniary loss. The statements about the Campground were allegedly made by the Woodall Defendants in the course of their business as writers, publishers, and/or distributors of the Directory and while renting a campsite for the night is more a consumer, than a commercial or business, transaction, Vermont courts have applied section 552 to other consumer transactions. *See Silva v. Stevens*, 156 Vt. 94, 108, 589 A.2d 852, 860 (1991) (purchase of a home); *Hughes v. Holt*, 140 Vt. 38, 41, 435 A.2d 687, 689 (1981) (same). However, Plaintiff's complaint fails to meet two key elements of a negligent misrepresentation claim: misrepresentation and proximate cause.

■ Plaintiff's complaint does not describe the provision of "false information" as contemplated by section 552. Section 552 applies to "information given as to the *existence of facts*." Restatement § 552 cmt. b (emphasis added). In contrast, statements of opinion generally cannot form the basis of actions for fraud. *See Proctor Trust Co. v. Upper Valley Press, Inc.*, 137 Vt. 346, 350–51, 405 A.2d 1221, 1224 (1979). The same can be said for actions based on negligent misrepresentation. *See VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, 29 F.Supp.2d 1253, 1265 (D.Kan.1998) (applying Missouri law); *Omega Eng'g, Inc. v. Eastman Kodak Co.*, 908 F.Supp. 1084, 1097 (D.Conn.1995) (applying Connecticut law); *New York Fruit Auction Corp. v. City of New York*, 81

A.D.2d 159, 439 N.Y.S.2d 648, 652 (N.Y.App.Div.1981), *aff'd mem.*, 56 N.Y.2d 1015, 453 N.Y.S.2d 640, 439 N.E.2d 356 (1982).

■ While juries are generally given the task of determining whether a statement is one of fact or opinion, if the statement is "so plainly of the one class or the other ... [it] can be disposed of by the court without the aid of the jury." *Batchelder v. Birchard Motors, Inc.*, 120 Vt. 429, 433, 144 A.2d 298, 301 (1958). In particular, " '[s]tatements of quantity, quality, and value are usually held to be expressions of opinion and therefore not actionable.' " *Id.* 120 Vt. at 434, 144 A.2d at 301 (quoting *Belka v. Allen*, 82 Vt. 456, 462, 74 A. 91, 93 (1909)). In this case the statements in the Directory that the Campground was "premier" and "well-maintained" were opinions, not statements of fact. They constituted subjective evaluations of the quality and value of the Campground. Accordingly, they are not actionable under section 552.

■ Moreover, damages recoverable under section 552 must be proximately related to the false information provided by the defendant. *See Hobart v. P. J.'s Auto Village, Inc.*, 136 Vt. 287, 289, 388 A.2d 419, 420 (1978) ("It is also the well established law that negligence to be actionable must be the proximate cause of the injury for which compensation is sought.") (citing *Cameron v. Bissonette*, 103 Vt. 93, 95, 152 A. 87, 88 (1930)); *Rivers v. State*, 133 Vt. 11, 14, 328 A.2d 398, 400 (1974); Restatement § 552B(1) (permitting recovery only of pecuniary losses for which the misrepresentation is the legal cause). In this case, all of Plaintiff's requested damages[3] stem from the falling of the tree

---

**3.** The Woodall Defendants also argue that Plaintiff has not alleged "pecuniary loss" compensable under section 552. Plaintiff's request for compensation of pain and suffering and emotional distress is clearly not com-

pensable. *See Pearson v. Simmonds Precision Prods., Inc.*, 160 Vt. 168, 173–74, 624 A.2d 1134, 1137–38 (1993) (under theory of negligent misrepresentation, "the damages recoverable are those necessary to compensate the

on the recreational vehicle. The link between the alleged misrepresentation and the death of Francis Repucci from the falling tree is tenuous at best. As a matter of law the alleged misrepresentations in the Directory cannot be said to be the legal or proximate cause of injuries caused by a tree falling on a recreational vehicle during severe weather. *See Hobart,* 136 Vt. at 289, 388 A.2d at 420–21 (that a garage owner left a car in an unenclosed, unguarded storage area over night did not constitute proximate cause of damage to the car where unknown person or persons entered the storage area during the night and stole the hubcaps); *Rivers,* 133 Vt. at 14, 328 A.2d at 400 (granting statutorily authorized weekend pass to correctional center inmate was not the proximate cause of an accident occurring when a vehicle collided with a stolen truck driven by the inmate while the inmate was allegedly intoxicated and driving at a high rate of speed and without headlights).

In sum, Plaintiff's negligent misrepresentation claim must dismissed because the facts alleged in the complaint do not establish the elements of negligent misrepresentation as adopted in Vermont. The Woodall Defendants owed no duty of care under section 552 to the Repuccis in writing, publishing, and/or distributing their opinions, and these opinions did not proximately cause the damages alleged in the complaint.

### B. Vermont's Consumer Fraud Act

The Vermont Consumer Fraud Act (VCFA) makes unlawful "[u]nfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce." 9 Vt. Stat. Ann. tit. 9, § 2453(a) (1993). "A 'deceptive act or practice' 'is a material representation, practice or omission likely to mislead a reasonable consumer.'" *Kessler v. Loftus* 994 F.Supp. 240, 242 (D.Vt.1997) (quoting *Bisson v. Ward,* 160 Vt. 343, 351, 628 A.2d 1256, 1261 (1993)). The VCFA creates a private right of action for a "consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453 . . . , or who sustains damages or injury as a result of any false or fraudulent representations or practices prohibited by section 2453" against "the seller, solicitor or other violator." 9 Vt. Stat. Ann. tit. 9, § 2461(b) (1993).

Plaintiff argues that she and her late husband entered into and were damaged by a consumer transaction for the sale of goods or services with the Lake Champagne Defendants as a result of their reliance on alleged misrepresentations in the Directory. The consumer transaction at issue is the Repuccis' rental of a campsite at the Campground.[4] The exact basis of Plaintiff's consumer fraud claim against the Woodall Defendants is unclear. The complaint alleges that the Lake Champagne Defendants falsely advertised themselves as a well-maintained and premier campground in the Directory. Complaint ¶¶ 30–31. The complaint alleges that the Woodall Defendants published false information regarding the maintenance and safety of the Campground. *Id.* ¶ 33. Together these actions allegedly amounted to

---

plaintiff for the pecuniary loss suffered, and not emotional distress."). However, her request for medical expenses could reasonably be inferred to involve "pecuniary loss suffered . . . as a consequence of the plaintiff's reliance upon the misrepresentation." Restatement § 552B(1)(b). Thus, the complaint is not dismissed on this ground.

4. Accordingly, the Woodall Defendants are not liable as "sellers" or "solicitors" under section 2461(b) since they did not sell or offer to sell the Repuccis the goods or services at issue. The Court thus presumes that Plaintiff is pursuing the Woodall Defendants as "other violators" of the VCFA.

"false advertising and publication[ ]" in violation of the VCFA by all of the defendants. *Id.* ¶ 35.

It is unclear to the Court whether Plaintiff is pursuing the Woodall Defendants under the VCFA as "reviewers" of campgrounds, as is the gravamen of their negligent misrepresentation claim, or as actors more akin to "advertisers" of campgrounds. In either case, however, Plaintiff has failed to state a cause of action under the VCFA against the Woodall Defendants.

■ As discussed above with regard to the negligent misrepresentation claim, the Directory included only general opinions regarding the quality of the Campground. The Vermont Supreme Court has distinguished representations involving opinion versus fact in the context of the VCFA. *See Winton v. Johnson & Dix Fuel Corp.,* 147 Vt. 236, 240, 515 A.2d 371, 374 (1986) (distinguishing representations of fact involving the law, from opinions about the law). As in a negligent misrepresentation claim, these statements of opinion do not constitute misrepresentations actionable under the VCFA. *See Kessler,* 994 F.Supp. at 244 (dismissing VCFA claim because "the concepts of 'adequate security' and 'competent representation' are matters of legal opinion, not representations of fact concerning the law as it exists"). *See also Lambert v. Downtown Garage, Inc.,* 262 Va. 707, 553 S.E.2d 714, 716–17 (2001) (misrepresentation of fact, not opinion, is required for common-law fraud and for violation of Consumer Protection Act); *Baldwin v. Priem's Pride Motel, Inc.,* 224 Kan. 432, 580 P.2d 1326, 1329 (1978) (same).

■ Moreover, to the extent that Plaintiff claims the Woodall Defendants acted as advertisers, the VCFA exempts publishers or owners of a "publication or printed matter wherein an advertisement ... appears, ..., when the owner [or] publisher has no knowledge of the fraudulent intent, design or purpose of the advertiser or operator." Vt. Stat. Ann. tit. 9, § 2452 (1993). More broadly, "derivative liability for consumer fraud cannot be imposed 'absent direct participation in the unfair or deceptive acts, direct aid to the actor, or a principal/agent relationship.'" *Vermont Mobile Home Owners' Ass'n, Inc. v. Lapierre,* 94 F.Supp.2d 519, 526 (D.Vt. 2000) (quoting *State v. Stedman,* 149 Vt. 594, 598, 547 A.2d 1333, 1335–36 (1988)). Plaintiff does not allege that the Woodall Defendants were aware of the allegedly poorly maintained trees at the Campground or that the Woodall Defendants are agents of the Lake Champagne Defendants or had some other kind of direct relationship with them. *Cf. Stedman,* 149 Vt. at 598, 547 A.2d 1333 (real estate broker engaged in residential real estate sales was a "seller" under the VCFA); *Fancher v. Benson,* 154 Vt. 583, 585–586, 580 A.2d 51, 52–53 (1990) (agent who made misrepresentations about health on behalf of the owner of a horse liable under VCFA).

Even construing the VCFA liberally to accomplish its remedial purpose, *Wilder v. Aetna Life & Cas. Ins. Co.,* 140 Vt. 16, 19, 433 A.2d 309, 310 (1981), and construing the Plaintiff's complaint generously as the Court must on a motion to dismiss, Plaintiff has failed to state a claim against the Woodall Defendants upon which relief can be granted under the VCFA. Plaintiff's VCFA claim against the Woodall Defendants is dismissed. Because Plaintiff has failed to state a claim under the VCFA, the Court need not address the Woodall Defendants' alternate argument that Plaintiff has failed to plead her VCFA claim with particularity under Rule 9(b). Fed. R.Civ.P. 9(b).

## IV. Conclusion

Wherefore the Woodall Defendants' motion to dismiss (Paper 20) count II and

count III (as to the Woodall Defendants) is **GRANTED**.