J-S66007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WELDON FELLS, | |
| Appellant | No. 1466 WDA 2014 |

Appeal from the PCRA Order August 7, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015704-2011

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 09, 2015**

Appellant, Weldon Fells, appeals *pro se* from the order entered on August 7, 2014, dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously explained the underlying facts of this case:

> Appellant was charged with retail theft and two violations of the Uniform Firearms Act:  persons not to possess firearms and carrying a firearm without a license.[1]  His pretrial motions to dismiss pursuant to [Pennsylvania Rule of Criminal Procedure] 600 and to suppress evidence were denied following a hearing on May 7, 2012, and Appellant was [subsequently found] guilty of all charges. . . .
>
> A pre-sentence investigation report was ordered and Appellant appeared before [the trial court for sentencing on] July 31, 2012.  At that time, [Appellant] was sentenced to a

---

[1] 18 Pa.C.S.A. §§ 3929(a)(1), 6105(a)(1), and 6106(a)(1), respectively.

*Retired Senior Judge assigned to the Superior Court.

term of imprisonment of [five to ten] years on the possession charge. . . .

Briefly, a review of the evidence presented at trial established that[,] on April 8, 2011, Appellant was shopping at Home Depot when Joshua Wright, a Home Depot Loss Prevention Associate, observed Appellant put a package of curtains into a tote bag he was carrying and zip the bag closed. Appellant then went to the cash register where he paid for a curtain rod he was carrying but did not reveal the curtains to the cashier or pay for them. Once [Appellant] exited the store, [] Wright stopped [Appellant], identified himself and asked [Appellant] to return to the store. Appellant produced the curtains from the bag and gave them to [] Wright, but refused to go back inside. Eventually[,] Appellant was convinced to re-enter the store, and was taken to the manager's office where he waited with Wright and Wright's supervisor[] for the police to come. . . .

[Wright] asked Appellant for identification and for permission to look into the bag but Appellant refused. Once the police arrived, Wright took the bag from Appellant and opened it himself. There was no other merchandise in the bag but [Wright] did find a gun. Although [Wright] told Officer Miles he found a gun, Officer Miles testified that he was able to see inside the bag when it was opened and saw the gun himself. Appellant then exclaimed that he carried the gun for protection. The Commonwealth introduced evidence of Appellant's prior conviction for robbery and his non-licensure to carry a concealed weapon. . . .

[On direct appeal to the Superior Court,] Appellant raise[d] the following issues of [] review:

I. Did the court err in denying the requested Rule 600 relief where more than 365 days passed before trial was commenced and that time was not attributable to Appellant?

II. Did the court err in denying the motion to suppress where a zippered back pack was opened under the supervision of police officers absent a warrant and in violation of the United States and Pennsylvania Constitutions?

III. Was the evidence of possession of a firearm insufficient to convict where the Commonwealth failed to produce any evidence of the bag in which the firearm was alleged to have been found?

*Commonwealth v. Fells*, 81 A.3d 1010 (Pa. Super. 2013) (unpublished memorandum) at 1-3 (internal corrections and quotations omitted) (some internal citations, footnotes, and capitalization omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

On May 31, 2013, we concluded that Appellant's three claims failed on their merits and we thus affirmed Appellant's judgment of sentence. Specifically, we held that: Appellant's Rule 600 claim failed because "Appellant [was] clearly responsible for [] 36 days of delay [prior to trial], which[,] when the[ excludable time was] subtracted from [the total, 396 days that elapsed from when the criminal complaint was filed until trial occurred,] result[ed] in Appellant's having been brought to trial within . . . the 365 days permitted by Rule 600;" Appellant's suppression claim failed because the private security guard, Mr. Wright, "conducted the search [of Appellant's bag] without any direction from Officer Miles . . . [and] Mr. Wright was not acting under the color of state authority when he searched Appellant's bag;" and, Appellant's sufficiency of the evidence claim failed because the evidence established that Appellant possessed a firearm and Appellant was neither licensed nor permitted to carry such a firearm. *Id.* at 1-22.

Our Supreme Court denied Appellant's petition for allowance of appeal on November 26, 2013. *Id.*

On June 12, 2014, Appellant filed a timely *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant. However, on July 10, 2014, appointed counsel filed a "no merit" letter and a petition to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On July 14, 2014, the PCRA court entered an order granting counsel's petition to withdraw and notifying Appellant that it intended to dismiss Appellant's PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 7/14/14, at 1; **see also** Pa.R.Crim.P. 907(1). On August 7, 2014, the PCRA court finally dismissed Appellant's PCRA petition.

Appellant filed a timely, *pro se* notice of appeal on September 3, 2014. Appellant raises the following claims on appeal:

> [1.] Was Appellant denied Pennsylvania and United States Constitution Rights, Article 1, §§ 8 & 9 and Due Process Clause respectively, to have trial counsel's effective assistance to law of the land, for a [speedy] trial, to have accusation investigated, and requested witnesses?
>
> [2.] Was Appellant denied Pennsylvania and United States Constitution Rights, Article 1, §§ 8 & 9 and Due Process Clause respectively, to have trial counsel's effective assistance to law of the land, for a speedy trial, to demand the nature of accusation, and to confront the witnesses against him?

- 4 -

[3.] Was Appellant denied Pennsylvania and United States Constitution Rights, Article 1, §§ 8 & 9 and Due Process Clause respectively, to have trial counsel's effective assistance to law of the land, to be protected against prosecutorial misconduct of false and misleading statements or fraud on the court?

[4.] Was Appellant denied Pennsylvania and United States Constitution Rights, Article 1, §§ 8 & 9 and Due Process Clause respectively, to have trial counsel's effective assistance to law of the land, to demand cause of the accusation, and to be secure from unreasonable searches?

[5.] Was Appellant denied Pennsylvania and United States Constitution Rights, Article 1, §§ 8 & 9 and Due Process Clause respectively, to have trial counsel's effective assistance to law of the land to be heard by himself, and to challenge the imposed sentence?

Appellant's Brief at 19, 23, 28, and 33 (internal emphasis omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, and the well-written and thorough opinion from the able PCRA court judge, the Honorable Donna Jo McDaniel. We conclude that the claims raised in Appellant's brief fail and that Judge McDaniel's opinion, filed on May 20, 2015, meticulously and accurately explains why Appellant's claims fail. Therefore, we adopt the PCRA court's opinion as our own. In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/2015

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.                                             CC: 201115704

WELDON FELLS,

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

Defendant

**OPINION**

Filed By:

Honorable Donna Jo McDaniel
Court of Common Pleas of Allegheny County
323 Courthouse
Pittsburgh, PA 15219

(412) 350-5434

FILED
2015 MAY 20 9:34
DEPT.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA

v.                                         CC: 201115704

WELDON FELLS,

Defendant

**OPINION**

The Defendant has appealed from this Court's Order of August 6, 2014, which dismissed his pro se Post Conviction Relief Act Petition without a hearing. A review of the record revels that the Defendant has failed to present any meritorious issues on appeal and, therefore, this Court's Order should be affirmed.

The Defendant was charged with Retail Theft[1] and two (2) Violations of the Uniform Firearms Act: Persons Not to Possess Firearms[2] and Carrying a Firearm Without a License.[3] His Pretrial Motions to Dismiss pursuant to Rule 600 and to Suppress Evidence were denied following a hearing on May 7, 2012, and the Defendant proceeded immediately with a non-jury trial. At the conclusion of that trial, the Defendant was adjudicated guilty of all charges. A Pre-Sentence Investigation Report was ordered and the Defendant appeared before this Court on July 31, 2012. At that time, he was sentenced to a term of imprisonment of five (5) to ten (10) years on the Possession charge. No Post-Sentence Motions were filed. The judgment of sentence was

---

[1] 18 Pa.C.S.A. §3929(a)(1)
[2] 18 Pa.C.S.A. §6106(a)(1)
[3] 18 Pa.C.S.A. §3929(a)(1)

affirmed by the Superior Court on May 31, 2013 and the Defendant's subsequent Petition for Allowance of Appeal was denied on November 26, 2013.

On June 12, 2014, the Defendant filed a pro se Post Conviction Relief Act Petition. Scott Coffey, Esq. was appointed to represent the Defendant, but upon his determination that no meritorious issues existed, Mr. Coffey filed a Turner "No-Merit" Letter and sought permission to withdraw. After giving the appropriate notice, this Court dismissed the PCRA Petition without a hearing on August 6, 2014. The Defendant's subsequent Motion for Reconsideration was denied by this Court on August 18, 2014. This appeal followed.

Briefly, a review of the evidence presented at trial established that on April 8, 2011, the Defendant was shopping at Home Depot when Joshua Wright, a Home Depot Loss Prevention Associate, observed the Defendant put a package of curtains into a tote bag he was carrying and zip the bag closed. The Defendant then went to the cash register where he paid for a curtain rod he was carrying but did not reveal the curtains to the cashier or pay for them. Once he exited the store, Mr. Wright stopped him, identified himself and asked him to return to the store. The Defendant produced the curtains from the bag and gave them to Mr. Wright, but refused to go back inside. Eventually the Defendant was convinced to re-enter the store, and was taken to the manager's office where he waited with Wright and Wright's supervisor, for the police to come. He asked the Defendant for identification and for permission to look in the bag but the Defendant refused. Once the police arrived, Wright took the bag from the Defendant and opened it himself. There was no other merchandise in the bag but he did find a gun. Although he told Officer Miles he found a gun, Officer Miles testified that he was able to see inside the bag when it was opened and saw the gun himself. The Defendant then exclaimed that he carried the gun for protection.

2

The Commonwealth introduced evidence of the Defendant's prior conviction for Robbery and his non-licensure to carry a concealed weapon.

On appeal, the Defendant raises multiple issues[4] which are sorted and numbered so confusingly that this Court had difficulty discerning them. Nevertheless, this Court has, to the best of its ability, identified and sorted the Defendant's issues, and has addressed them as follows:

## I.  Ineffective Assistance of Counsel Claims

The Defendant has raised numerous claims relating to the ineffective assistance of counsel, all of which have been appropriately layered. A review of the record reveals that all are meritless.

In order to establish a claim for the ineffective assistance of counsel, "a PCRA Petitioner must demonstrate, by a preponderance of the evidence, that: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) there is a reasonable probability that the result of the proceedings would have been different absent such error." Commonwealth v. Gibson, 19 A.3d 512, 525-26 (Pa. 2011). "The law presumes that counsel was not ineffective, and the appellant bears the burden of proving otherwise...[I]f the issue underlying the charge of ineffectiveness is not of arguable merit, counsel will not be deemed ineffective for failing to pursue a meritless issue... Also, if the prejudice prong of the ineffectiveness standard is not met, 'the claim may be dismissed on that basis alone and [there is

---

[4] Reference is made to the oft-cited quote from Judge Aldisert: "With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court, it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors...When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that this is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness." Aldisert, The Appellate Bar: Professional Competence and Professional Responsibility – a View from the Jaundiced Eye of One Appellate Judge, 11 Cap.U.L.Rev. 445, 458 (1982).

no] need [to] determine whether the [arguable merit] and [client's interests] prongs have been met.'" Commonwealth v. Khalil, 806 A.2d 415, 421-2 (Pa.Super. 2002).

a.    *Failure to Call Witnesses re: Rule 600 Motion*

Initially, the Defendant argues that trial counsel was ineffective for failing to call attorney Carl Marcus to testify regarding several continuances of the preliminary hearing as they relate to the Rule 600 Motion. According to the Defendant, Mr. Marcus would have testified that those continuances were not made by the defense, and so are not attributable to the Defendant for purposes of Rule 600.

The issue of the Rule 600 timeliness requirements was previously litigated on the direct appeal from the judgment of sentence. At that time, the Superior Court addressed the issue at length and determined that while the Defendant was brought to trial in 396 days, the Defendant was responsible for 36 days of the delay. Therefore, the Superior Court concluded that the Defendant was brought to trial in 360 days, or within the time limitation proscribed by Rule 600.

The Defendant is now attempting to relitigate the same issue by framing it within the context of an ineffectiveness claim. However, as discussed above, as the substantive issue was previously litigated and determined to be meritless, counsel cannot be deemed ineffective in that regard. The testimony of Attorney Marcus would have made no difference whatsoever in the calculation of the delay and so counsel was not ineffective for failing to present his testimony. This claim is meritless.

b.    *Due Process Claim*

Next, the Defendant argues that trial counsel was ineffective in "the denial of constitutional [sic] due process to confront witnesses when the Court gave judicial notice without the pre-requisite of established authority for an entity to generate evidence to use against

4

criminal defendants." After reviewing this issue as well as the discussion contained in subsection (ii)(F) of the Defendant's Concise Statement, which appears directly after this issue in the Concise Statement and so presumably is related to it (as previously stated, this Court had immense difficulty discerning the format and content of the Concise Statement), this Court remains at a loss to determine the substance of this claim.

"When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." Commonwealth v. Reeves, 907 A.2d 1, 2 (Pa.Super. 2006), citing Commonwealth v. Dowling, 78 A.2d 683, 686-7 (Pa.Super. 2001). Given the Defendant's completely nonsensical statement, this Court is unable to discern an issue for review. As such, this claim has been waived.

c.    *Failure to Investigate and Present Evidence*

Next, the Defendant argues that trial counsel was ineffective for failing to investigate the crime scene, obtain the security videos and object to the Commonwealth's failure to produce the Defendant's bag at trial. These claims are meritless.

The Defendant does not elaborate on his two initial claims regarding the investigation of the crime scene and the security videos, nor does he indicate how the result of the trial would have been different had counsel done so. He provides some brief explanation regarding the claim relating to his bag, claiming that its production was necessary to determine how a gun and the curtains fit inside it. Nevertheless, he still fails to indicate how introduction of the bag,

5

described at trial as a zippered tote bag, into evidence would have altered the outcome of the trial. This Court is similarly unable to determine how counsel's investigation of the crime scene or the security videos, or the introduction of the tote bag would have changed the outcome of the trial. As such, the Defendant has failed to establish his claim for the ineffective assistance of counsel. This claim must fail.

d.      *Appeal of Suppression Ruling*

Next, the Defendant argues that counsel was ineffective for failing to "challenge misconduct by police; to protest against illegal apprehension and seizure processes which violated constitutional [sic] protected rights against unlawful arrest and search." In support of this issue, he indicates that "failed to preserve for appellate review the challenge of an illicit blur of the distinction between Home Depot theft security's detention and when Pittsburgh police officers arrested the Petitioner."

A careful review of the record reveals that the Defendant did raise a claim of error relating to the suppression motion on direct appeal and that the Superior Court did address the merits of the claim in its Opinion. The Defendant's averment of ineffectiveness in this regard necessarily fails insofar as it is completely contradicted by the record. This claim must fail.

e.      *Sentencing Issues*

As his final claim of ineffectiveness, the Defendant avers that counsel was ineffective in failing to advise this Court of the appropriate guideline ranges, to object to an excessive sentence and in failing to advise him regarding the definition and grading of the charges and the possible sentencing ranges.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent an abuse of discretion. In this context, an abuse

6

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, abused its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Commonwealth v. Booze, 952 A.2d 1263, 1278 (Pa.Super. 2008), internal citations omitted. "When imposing a sentence of total confinement, the sentencing judge must state the reasons for the sentence in open court...Furthermore, the sentencing judge must explain any deviation from the sentencing guidelines...Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required." Commonwealth v. McVay, 849 A.2d 270, 275 (Pa.Super. 2004), internal citations omitted.

At the sentencing hearing, this Court noted the guideline ranges, its review of a pre-sentence report and placed its reasons for imposing sentence on the record. It stated:

> THE COURT: This is the time set for sentencing. I have ordered, read and considered the pre-sentence report. I also have the guidelines indicating that you have an offense gravity score of 10, a prior record score of REVOC, which is a suggested minimum sentence of 60 months...
>
> ...Okay. Mr. Fells, you began your career as a criminal in 1965 and you have done a number of long state incarcerations including four to eight years, two to five years. You also did ten to twenty years for which you were maxed out because of poor behavior in the institution. All of your criminal history involves guns. There is no evidence of you being able to rehabilitate yourself even while you were on supervision or, worse yet, incarcerated.
>
> At Count one, I waive the costs and order you to serve five to ten years with credit for the time that you have been incarcerated.

(Sentencing Hearing Transcript, p. 3, 5-6).

As demonstrated by the record, this Court clearly placed ample reasons for its sentence on the record. The sentence imposed was within the guideline range available at the time of the initial sentencing and therefore, was legal. The sentence imposed was not in violation of the Sentencing Guidelines, either due to its length or the reasons contained in the record for its

7

imposition. The sentence was legal and did not constitute an abuse of discretion. Therefore, counsel cannot be deemed ineffective for failing to raise a sentencing claim on appeal.

To the extent that the Defendant claims that trial counsel failed to properly advise him of the grading of the charges and the guideline sentencing ranges, this claim is also meritless. The Defendant proceeded to trial and was sentenced to a term of imprisonment chosen by this Court. The Defendant did not negotiate a plea and sentencing agreement, for which counsel's advice regarding grading and guideline ranges prior to doing so could have been significant. Nevertheless, the record also reflects that prior to the commencement of trial, this Court instructed the Defendant on the various charges, their grading and guideline sentencing ranges, and the Defendant indicated that he understood them:

> THE COURT: Do you understand you're charged with persons not to possess a firearm, and it is alleged that you possessed a firearm having been previously convicted of robbery and/or burglary within or without this Commonwealth; punishable by two years in jail.
>
> Count 2 alleges you carried a firearm without a license concealed on your person or in a vehicle; punishable by seven years of imprisonment.
>
> You're also charged with the summary of retail theft.
>
> Do you understand the charges against you, Mr. Fells?
>
> THE DEFENDANT: I do.

(Trial Transcript, p. 37).

Insofar as the record clearly establishes that the Defendant was aware of the crimes, their grading and guideline sentences, he has failed to establish his claim for ineffective assistance in this regard. This claim must fail.

## 2. Prosecutorial Misconduct Claim

The Defendant also raises a claim of prosecutorial misconduct relating to the Commonwealth's failure to produce the Behavior Clinic reports. However, a careful review of the Defendant's Concise Statement reveals that he did not raise this claim in terms of the layered ineffectiveness of counsel.

The Post Conviction Relief Act states, in relevant part:

*§9543. Eligibility for relief.*

> *(a)    General rule. -- To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:...*
>
> > *...(3)    That the allegation of error has not been previously litigated or waived.*

42 Pa.C.S.A. §9543. "An issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding." Com. v. Keaton, 45 A.3d 1050, 1060 (Pa. 2012), citing 42 Pa.C.S.A. §9544(b).

The Defendant did not raise his claim relating to the production of the Behavior Clinic reports on direct appeal, though he could have done so. He has similarly not layered the claim in terms of the ineffectiveness of counsel for purposes of the Post Conviction Relief and therefore his claim has been waived.

## 3. Trial Court Error

Finally, the Defendant avers that this Court erred in failing to hold an evidentiary hearing and denying relief on his Petition and Motion for Reconsideration. Again, this claim is meritless. It is well established that "the standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no

support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Commonwealth v. Johnson, 945 A.2d 185, 188 (Pa.Super. 2008), internal citations omitted.

Contrary to the Defendant's assertions, he was not entitled to an evidentiary hearing as a matter of right. For the reasons discussed above, the Defendant's PCRA Petition was meritless in its entirety and contained no genuine issues of material fact which would have required evidentiary determinations. As such, this Court appropriately denied relief without an evidentiary hearing. This claim must fail.

Accordingly, for the above reasons of fact and law, this Court's Order of August 6, 2014 must be affirmed.

BY THE COURT:

_____, J.